FIRESTONE GREENBERGER PLLC
*Attorneys for Defendant and Counterclaim-Plaintiff*
Jordan Greenberger (jg@firegreenlaw.com)
Callie J. Kramsky (ck@firegreenlaw.com)
104 West 40th Street, 4th Floor
New York, NY 10018
Tel: (212) 597-2255

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARA REICHEL, an individual, and PETER MILLS, an individual,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>-against-<br><br>ELIZABETH COBBS, an individual,<br><br>Defendant/Counterclaim-Plaintiff. | Case No. 1:25-cv-06626-JAV-RFT<br><br>**ANSWER AND COUNTERCLAIM** |

Defendant Dr. Elizabeth Cobbs ("Defendant" or "Dr. Cobbs"), by her undersigned attorneys, for her answer to the Complaint for Declaratory Judgment dated August 12, 2025 (ECF No. 1) (the "Complaint") of plaintiffs Cara Reichel and Peter Mills ("Plaintiffs"), pleads the following.[1]

Allegation 1: *For over a century, a group of brave women who served this country were largely forgotten and ignored. But thanks to the efforts of artists, playwrights, and historians, the story of the "Hello Girls," young women who volunteered to serve in World War I, is beginning to reach to the audience it deserves. This case is about two of the artists who have brought the Hello Girls' story back to life.*

[1] Plaintiffs' allegations are in *italics*, and Defendant's responses thereto are below the allegations. The headings of the Complaint are reproduced solely for ease of reference; to the extent any heading contains factual allegations, those allegations are denied. Defendant's references to exhibits are to the exhibits annexed to the Complaint, and Defendant's reference to any document is not an admission of the truth of its contents or of Plaintiffs' characterization of it.

Response to Allegation 1: Defendant admits that the "Hello Girls" were a group of brave young women who served this country in World War I, and that their story did not receive significant or material public attention for many years, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and respectfully refers the Court to her non-fiction book, *The Hello Girls: America's First Women Soldiers*, for a history of the "Hello Girls" and their story.

Allegation 2: *In November 1917, the Western Front of World War I was a brutal and bloody stalemate. The United States had entered the war in April, but the American Expeditionary Forces were only just arriving to the front lines. General John Pershing quickly realized how vital communications could be to the war effort. On November 8, 1917, General Pershing asked the Department of War to send him telephone operators who could speak both English and French.*

Response to Allegation 2: Admitted.

Allegation 3: *Thousands of women answered the call and applied. The first unit was deployed to Europe in 1918. These women, mostly in their early twenties, served in the Army Signal Corps and were colloquially referred to as the "Hello Girls." The Hello Girls' contributions to the logistical efforts were so valuable that by September 1918 General Pershing recruited another one hundred and thirty operators and requested even more.*

Response to Allegation 3: Defendant admits the allegations of the first three sentences of paragraph 3. Defendant denies the allegations of the fourth sentence of paragraph 3 to the extent that they are factually inaccurate, and avers that, by September 1918, General Pershing had recruited nearly 300 operators, 223 of whom were deployed in France.

Allegation 4: *The Hello Girls, often operating close to the front lines, became a crucial element of the Allied Powers' advance and helped the American Expeditionary Forces turn the*

*tide of the Great War. The Hello Girls remained an essential part of the U.S. Army's logistics in Europe after the Armistice; the last Hello Girl did not conclude her service in Europe until 1920.*

Response to Allegation 4: Admitted.

*Allegation 5: Despite these invaluable contributions to their country, the Hello Girls were largely forgotten until recently. They were not recognized as "veterans" until 1977, and they would only receive their deserved Congressional Gold Medal in 2024. This belated recognition arose in part because of those who worked to bring the Hello Girls' story to broader audiences.*

Response to Allegation 5: Defendant admits the allegations of paragraph 5, except denies that the Hello Girls received the Congressional Gold Medal in 2024, and avers that the Hello Girls were voted a Congressional Gold Medal in 2024 but, as of the date of this Answer, have not yet received it.

*Allegation 6: Two theater artists, Cara Reichel and Peter Mills, staged* The Hello Girls *Musical in 2018. Ms. Reichel is a New York City-based theatrical director, writer, and producer. She is the Producing Artistic Director of Prospect Theater Company, which she co-founded in 1998, and is a leader in the field of new musical theater development. Mr. Mills is a critically acclaimed composer and lyricist working in musical theater. He has taught musical theater writing at Princeton University and New York University.*

Response to Allegation 6: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that Plaintiffs are two theater artists.

*Allegation 7: While the Musical was first staged in 2018, Ms. Reichel and Mr. Mills began their work on it in April 2016. While researching the Hello Girls, Ms. Reichel and Mr. Mills came across Dr. Elizabeth Cobbs' 2017 historical account,* The Hello Girls: America's First Women

Soldiers. *Although Ms. Reichel and Mr. Mills used Dr. Cobbs' history to learn facts about the Hello Girls, they did not copy any of Dr. Cobbs' protectable expression in her work.*

Response to Allegation 7: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that she is the author of *The Hello Girls: America's First Women Soldiers*, published in 2017, and that Plaintiffs had access to and read Defendant's book in connection with the Musical.

*Allegation 8: Dr. Cobbs was an enthusiastic supporter of* The Hello Girls *Musical after seeing it on stage in 2018. And being both grateful for Dr. Cobbs' work and sharing the goal of raising awareness of this important history so that the Hello Girls could receive the recognition the entire country owes them, Ms. Reichel and Mr. Mills promised Dr. Cobbs that they would express their appreciation to Dr. Cobbs in the program and website for the stage production of the musical, to make sure that others would know about Dr. Cobbs' work.*

Response to Allegation 8: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except explicitly denies that she "was an enthusiastic supporter," and Defendant admits that Plaintiffs agreed to acknowledge Defendant in the program and website for the stage production of the Musical and respectfully refers the Court to the parties' agreement and communications concerning that subject.

*Allegation 9: In 2024, Ms. Reichel and Mr. Mills were approached about another theatrical run for* The Hello Girls *Musical. Although Ms. Reichel and Mr. Mills assured the producer that their work was entirely their own, the producer asked them to approach Dr. Cobbs to make sure that she would not assert a copyright claim against them, no matter how dubious. Dr. Cobbs refused and demanded that Ms. Reichel and Mr. Mills give her an ongoing royalty in* The Hello Girls *Musical.*

Response to Allegation 9: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' communications with the producer and therefore denies them. Defendant denies the remaining allegations of paragraph 9, except admits that she communicated with Plaintiffs concerning royalties in connection with productions of the Musical that were not small, non-profit productions and respectfully refers the Court to the parties' communications.

Allegation 10: *Ms. Reichel and Mr. Mills would not agree to that. Although they offered to continue acknowledging Cobbs as an inspiration and to help promote her work on the history of the Hello Girls, they could not meet Dr. Cobbs' demands for money, nor should they, as they have committed no acts of copyright infringement. Through her attorney, Dr. Cobbs also said that should Ms. Reichel and Mr. Mills attempt to stage commercial productions of* The Hello Girls *Musical, she would tell producers and theaters that the work infringed her book. Ms. Reichel and Mr. Mills, through counsel, tried to negotiate a mutually beneficial solution, but could not meet Dr. Cobbs's demands. After negotiations failed, Ms. Reichel and Mr. Mills reluctantly bring this action for declaratory judgment, so that they can continue to promote the story of the Hello Girls without the looming threat of a spurious lawsuit undermining the performances that they are now working to set up and promote.*

Response to Allegation 10: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that the parties had certain communications (to which the Court is respectfully referred) and that at that time they were unable to negotiate a resolution, and Defendant denies the allegations to the extent they are inconsistent with the substance of those communications.

*Allegation 11: Plaintiff Peter Mills is an individual residing in New York, New York. Mr. Mills wrote the lyrics, music, and libretto for* The Hello Girls *Musical.*

Response to Allegation 11: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

*Allegation 12: Plaintiff Cara Reichel is an individual residing in New York, New York. Ms. Reichel co- authored* The Hello Girls *Musical libretto with Mr. Mills.*

Response to Allegation 12: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

*Allegation 13: Upon information and belief, Defendant Dr. Elizabeth Cobbs is an individual residing in San Diego, California. Upon information and belief, Defendant Dr. Cobbs asserts an ownership interest in a copyright of the book* The Hello Girls: America's First Women Soldiers *(ISBN 9780674971479) ("*The Hello Girls *Book"), published April 6, 2017. A true and correct copy of the copyright registration for* The Hello Girls *Book (Registration Number TX 8-426-016; Effective Date of Registration: July 5, 2017) is attached to this Complaint as Exhibit 1.*

Response to Allegation 13: Admitted.

*Allegation 14: Visual and audio recordings of performances of* The Hello Girls *Musical are available, as are the lyrics, music, and libretto, and are incorporated into this Complaint by reference.*

Response to Allegation 14: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, including footnote 1, and therefore denies them. Defendant also objects to this allegation because Plaintiffs have not specified which versions of recordings of performances of the Musical, or which versions of the script, are incorporated by reference.

_Allegation 15_: *This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because it is an action for declaratory judgment arising under the United States Copyright Act of 1976, 17 U.S.C. § 101* et seq. *("Copyright Act") and 28 U.S.C. §§ 2201 and 2202 ("Declaratory Judgment Act").*

Response to Allegation 15: Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiffs purport to bring this action under the statutes cited and denies that Plaintiffs are entitled to any relief.

_Allegation 16_: *Plaintiffs have standing to bring this declaratory judgment action because there is a substantial controversy between Plaintiffs and Defendants and Plaintiffs have a reasonable apprehension of suit alleging copyright infringement by Defendant.*

Response to Allegation 16: Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' apprehension and therefore denies them.

_Allegation 17_: *The Court has personal jurisdiction over Defendant Dr. Cobbs because she has wrongfully asserted infringement claims against Plaintiffs in the Southern District of New York. Dr. Cobbs attended a performance of* The Hello Girls *Musical in New York, and Dr. Cobbs' false assertions of copyright infringement were and are directed at Plaintiffs in this District and are intended to interfere with and prohibit further performances of* The Hello Girls *Musical, including ones in this District. Dr. Cobbs has regularly promoted her book in this District, appeared at a performance of* The Hello Girls *Musical to give a post-show discussion within this District, and has appeared at or participated in other events related to* The Hello Girls *Musical or* The Hello Girls *Book within this District.*

Response to Allegation 17: Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 17, except admits that she did attend a performance of the Musical and did give a post-show discussion in New York, N.Y. Defendant preserves her objection to personal jurisdiction, notwithstanding the Court's Opinion and Order dated September 23, 2026 (ECF No. 33).

*Allegation 18: The relief sought is available under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).*

Response to Allegation 18: Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief.

*Allegation 19: Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims has occurred and will continue to occur in the Southern District of New York.*

Response to Allegation 19: Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 19.

*Allegation 20: The Hello Girls' invaluable contributions supporting the Allied Powers from 1917 to 1920 are an important part of history, and the Hello Girls' factual story was largely forgotten for many years.*

Response to Allegation 20: Admitted.

*Allegation 21: Recently, artists and historians helped bring the Hello Girls' story to broader audiences, raising awareness of their story and advocating for the Hello Girls to finally receive their deserved Congressional Gold Medal in December 2024.*

Response to Allegation 21: Admitted.

*Allegation 22: In April 2016, Ms. Reichel and Mr. Mills submitted a proposal to Montclair State University's artist-in-residence program, New Works Initiative, to create a musical based on the Hello Girls, an underrepresented group of women that helped the United States Military in World War I. Ms. Reichel and Mr. Mills were inspired by the history and these women's fight for equality and recognition, paving the way for future generations, and had been researching the Hello Girls before they applied for this grant.*

Response to Allegation 22: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

*Allegation 23: On July 15, 2016, Ms. Reichel and Mr. Mills, through Prospect Theater Company, Inc., d/b/a Prospect Musicals ("Prospect") a 501(c)(3) non-profit organization, submitted an application for a National Endowment for the Arts Grant based on the idea for this script about the Hello Girls. They were notified they received the grant on May 9, 2017.*

Response to Allegation 23: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

*Allegation 24: The National Endowment for the Arts is committed to supporting excellent arts projects for the benefit of all. Their grants provide funding for public engagement with the arts and arts education, for the integration of the arts with strategies promoting the health and well-being of people and communities, and for the improvement of overall capacity and capabilities within the arts sector.*

Response to Allegation 24: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

*Allegation 25: Ms. Reichel and Mr. Mills conducted extensive research for this project. They researched multiple articles, journals, books, Bell Telephone's newsletters that covered the*

*stories of the Hello Girls and even reviewed the diary of Grace Banker (one of the telephone operators who served during World War I as a chief operator of the American Expeditionary Forces in the U.S. Army Signal Corps and led a team of Hello Girls).*

Response to Allegation 25: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them, except admits that Defendant arranged for Plaintiffs to obtain access to Grace Banker's unpublished diary, and that Plaintiffs had access to and read Defendant's book in connection with writing the Musical.

Allegation 26: *In September 2018, Ms. Reichel and Mr. Mills also visited the AT&T Archives and History Center, which holds a vast collection of materials documenting the history of AT&T and its predecessor companies, including materials documenting the history and work of the Hello Girls.*

Response to Allegation 26: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

Allegation 27: *While doing research for their production, Ms. Reichel and Mr. Mills found* The Hello Girls: America's First Women Soldiers*, a book written by Dr. Elizabeth Cobbs and first published on April 6, 2017.*

Response to Allegation 27: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them, except admits that Plaintiffs had access to and read Defendant's book in connection with the Musical.

Allegation 28: *Dr. Cobbs is a historian. She previously held the position of Melbern G. Glasscock Chair in American History at Texas A&M University.*

Response to Allegation 28: Admitted.

Allegation 29: *While continuing their research, Ms. Reichel and Mr. Mills ordered Dr. Cobbs' book in June 2017 and found that her book contained additional historical information that Ms. Reichel and Mr. Mills found interesting and thought of it as a good additional resource for their project.*

Response to Allegation 29: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

Allegation 30: *Dr. Cobbs'* The Hello Girls *is a historical account. It includes 711 footnotes to Dr. Cobbs' sources for the facts in her book.*

Response to Allegation 30: Defendant objects to the term "historical account" as vague, but admits that the book is a work of non-fiction that provides a historical account of certain of the "Hello Girls" in the broader context of World War I, and respectfully refers the Court to the book for its contents.

Allegation 31: *Ms. Reichel and Mr. Mills reached out to Dr. Cobbs through her website sometime in 2018. They explained that they were writing a musical about the Hello Girls, mentioned the idea of Dr. Cobbs attending a performance of the musical and taking part in a "talkback" discussion after the show.*

Response to Allegation 31: Admitted, except denied to the extent the allegations are inconsistent with the substance of the cited communication(s).

Allegation 32: *Dr. Cobbs introduced Ms. Reichel and Mr. Mills to Carolyn Timbie, Grace Banker's granddaughter, who gave Ms. Reichel and Mr. Mills access to Grace Banker's diary, which Dr. Cobbs also references in her book. Ms. Reichel and Mr. Mills incorporated quotes and ideas from Ms. Banker's diary into their musical.*

Response to Allegation 32: The first sentence is admitted. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence, except admits that Ms. Banker appears in the Musical and respectfully refers the Court to the Musical for its content.

*Allegation 33: Ms. Reichel and Mr. Mills co-authored* The Hello Girls *Musical's libretto, and Mr. Mills also wrote the lyrics and music.*

Response to Allegation 33: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

*Allegation 34: On November 13, 2018,* The Hello Girls *Musical opened for preview performances in New York, New York at the 59E59 Theaters. The official opening debut was on December 2, 2018.*

Response to Allegation 34: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

*Allegation 35: The musical was praised for its engaging story, strong characters, and ability to blend history with compelling musical theater.*

Response to Allegation 35: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

*Allegation 36: The New York Times reported that* The Hello Girls *Musical was:*

> *"THRILLING... SMART, HUMAN and sardonically feminist, with a lively ragtime-and-jazz score... there is a palpable sense of filling in an important blank: showing an adventurous female presence in the war story we thought we knew... It boasts AN EXCELLENT CAST of actor-musicians who have a multitasking ease as they play the instruments scattered around Lianne Arnold's clever, giant-pegboard set. A handsomely designed production, it also sounds TERRIFIC."*

*Laura Collins-Hughes* Review: The Hello Girls' Answered the Call in World War I*, N.Y. Times, Dec. 2, 2018, https://www.nytimes.com/2018/12/02/theater/the-hello-girls-review.html.*

Response to Allegation 36: Admitted, and Defendant respectfully refers the Court to the cited review for its complete contents.

*Allegation 37: Ms. Reichel and Mr. Mills made sure to openly praise Dr. Cobbs' work and promote her book along with the musical. The program for this first performance included "For more detailed historic information, we recommend Elizabeth Cobbs' book,* The Hello Girls*," as shown below in Figure 1: [Figure 1, an image of the program, omitted.]*

Response to Allegation 37: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them, except admits that the cited program included the text shown in Figure 1 of the Complaint, and Defendant respectfully refers the Court to the program for its contents.

*Allegation 38:* The Hello Girls *Musical relies on historical facts about the women who were a part of the U.S. Army Signal Corps in World War I to present a creative theatrical work. While the work relies on historical facts, as a musical, it also takes artistic liberties with historical details appearing in fictionalized, non-historical form, and at times combines the history or roles of individuals or creates entirely new characters for a musical stage performance.*

Response to Allegation 38: Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and respectfully refers the Court to the Musical for its content.

*Allegation 39: Ms. Reichel and Mr. Mills reviewed many other resources when writing* The Hello Girls *Musical. Because the Musical is based on historical facts, it naturally includes facts that can be found in historical works about the Hello Girls. But it also includes creative inventions*

*from Ms. Reichel and Mr. Mills. And it incorporates facts from resources other than* The Hello Girls *Book—details not found in Dr. Cobbs's work.*

Response to Allegation 39: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

**The Relationship with Dr. Cobbs**

*Allegation 40: In early December 2018, Dr. Cobbs came to New York to see the production of* The Hello Girls *Musical at the 59E59 Theaters. Prospect invited Dr. Cobbs to be a guest at a post-show discussion, where she discussed the real Hello Girls' history as compared to the Musical.*

Response to Allegation 40: Admitted, except denies the allegations concerning the substance of what Defendant discussed to the extent inconsistent with the content of what she stated.

*Allegation 41: In January 2019, Dr. Cobbs told Ms. Reichel: "I've turned into a gushing groupee of your musical and can't wait to see what happens next." Exhibit 2 at 2.*

Response to Allegation 41: Defendant admits that she made the quoted statement in Exhibit 2 to the Complaint and respectfully refers the Court to Exhibit 2 for its complete contents. Defendant denies any remaining allegations in paragraph 41.

*Allegation 42: Dr. Cobbs continued these accolades and started including comments such as "Wouldn't it be good news if your glorious creation made it big? It should!" and "The show really does deserve to be on Broadway. I have my fingers crossed that one day soon I'll see YOUR names in lights." Exhibit 3 at 1; Exhibit 4 at 2.*

Response to Allegation 42: Defendant admits that she made the quoted statements in Exhibits 3 and 4 to the Complaint and respectfully refers the Court to Exhibits 3 and 4 for their complete contents. Defendant denies any remaining allegations in paragraph 42.

*Allegation 43: In November 2019,* The Hello Girls *Musical performed a one-hour concert of songs at the Kennedy Center. The performance was livestreamed on YouTube. Following the performance, Dr. Cobbs emailed Ms. Reichel and Mr. Mills complaining that they did not acknowledge her book on the livestream. She stated that "I was honored to help inspire your magnificent work, and happy for your success. But more respect is due my contribution. Lin Manuel-Miranda paid Ron Chernow significant royalties for the use of his work--less groundbreaking than mine. I would appreciate at least recognition going forward." Exhibit 4 at 1-2.*

Response to Allegation 43: Defendant admits that she made the quoted statements in Exhibit 4 to the Complaint and respectfully refers the Court to Exhibit 4 for its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 43.

*Allegation 44: Ms. Reichel and Mr. Mills responded to Dr. Cobbs, apologizing that due to their limited time, it did not occur to them that their brief comments before the show "would be in essence the 'program' for the show living on the web, rather than a one night thank you to those people present who helped make that particular event happen."* Id. *They "certainly did not intend to overlook the importance of [her] research in any way[.]"* Id.

Response to Allegation 44: Defendant admits that Ms. Reichel and Mr. Mills made the quoted statements in Exhibit 4 to the Complaint and respectfully refers the Court to Exhibit 4 for

its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 44.

Allegation 45: *Ms. Reichel and Mr. Mills also offered to add an acknowledgment of Dr. Cobbs' work to the website and program for the Musical. Dr. Cobbs suggested using the word "based."* Id. *at 2. But after Ms. Reichel and Mr. Mills clarified that they began work on the musical before Dr. Cobbs' book was published, Dr. Cobbs stated, "I see your point. 'Inspired' and 'Based' both miss the target slightly" and suggested "[h]ow about, 'With Inspiration From The Hello Girls by Elizabeth Cobbs'?"* Id. *at 3. She also stated, "This helps get around the implication that the play was inspired by the book--which it clearly wasn't. You got going on before Harvard released it. But, you drew inspiration from the book, which must have filled in some of the gaps in your knowledge . . . ."* Id. *(emphasis added).*

Response to Allegation 45: Defendant admits that the parties made the quoted statements in Exhibit 4 to the Complaint and respectfully refers the Court to Exhibit 4 for its complete contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 45.

Allegation 46: *Ms. Reichel, Mr. Mills, and Dr. Cobbs ultimately decided on the following: "With Inspiration From* The Hello Girls *by Elizabeth Cobbs."* Id. *at 4.*

Response to Allegation 46: Admitted, and Defendant respectfully refers the Court to Exhibits 4 and 5 for their contents.

Allegation 47: *On December 5, 2019, Ms. Reichel, Mr. Mills, and Dr. Cobbs drafted a simple joint letter to include an attribution to Dr. Cobbs for the inspiration from her book. The letter states:*

> *Mills & Reichel shall, as lies within their control, include the following credit in all programs of productions of their musical as well as the website for the musical:*
> *With Inspiration from THE HELLO GIRLS by Elizabeth Cobbs, © 2017. All Rights Reserved."*

*A copy of this letter is attached as Exhibit 5.*

Response to Allegation 47: Defendant admits that the parties entered into a Letter of Agreement, dated December 5, 2019 and Defendant respectfully refers the Court to Exhibit 5 for its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 47.

Allegation 48: *Ms. Reichel and Mr. Mills signed the letter on December 9, 2019, and Dr. Cobbs signed the letter on December 12, 2019.* Id.

Response to Allegation 48: Admitted, and Defendant respectfully refers the Court to Exhibit 5 for its contents.

Allegation 49: *The letter does not include any promises from Dr. Cobbs or any other consideration for Ms. Reichel and Mr. Mills's promise.* See id.

Response to Allegation 49: Paragraph 49 characterizes Exhibit 5 and states legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Exhibit 5 for its contents and denies any allegations inconsistent therewith or the context in which the agreement came about.

Allegation 50: *On the same day, Dr. Cobbs both stated that she "wish[ed] to clarify that if the musical goes into other iterations on film or whatever, I would like to discuss some form of compensation for the rights." Exhibit 3 at 1. She admitted however that she was "aware rights are more limited for nonfiction than fiction" and "respect[s] the extraordinary artistry [Cara] and Peter brought to the musical, but . . . also recognize[s] [her] work helped to flesh out the story."* Id.

Response to Allegation 50: Defendant respectfully refers the Court to Exhibit 3 for its contents and denies any allegations inconsistent therewith.

*Allegation 51: In May 2020, Ms. Reichel, Mr. Mills, and Dr. Cobbs worked together with the World War I Centennial Commission as part of the effort to spread the word about the Hello Girls' contribution. They each participated in a presentation with the World War I Centennial Commission. Following the presentations, Dr. Cobbs reached out to Ms. Reichel and Mr. Mills regarding photographs they used in their presentations, stating, "You also had some photos I've never seen, and of which I'm envious! . . . Would you mind sharing them both?" Exhibit 6 at 3. Mr. Mills provided these photographs as part of their ongoing work to help each other raise awareness of the Hello Girls and their contributions.*

Response to Allegation 51: Admitted, and Defendant respectfully refers the Court to Exhibit 6 for its contents.

*Allegation 52: On November 16, 2024, Ms. Reichel and Mr. Mills reached out to Dr. Cobbs to keep in touch and to let Dr. Cobbs know that they were approached by a producer who was interested in taking* The Hello Girls *Musical to Broadway as early as Fall 2025 and hopefully continuing to 2026 and 2027. Exhibit 7 at 1-2.*

Response to Allegation 52: Admitted, and Defendant respectfully refers the Court to Exhibit 7 for its contents.

*Allegation 53: In preparation for a chance at Broadway, the producer wanted additional documentation to make any copyright issues clear. Ms. Reichel and Mr. Mills asked Dr. Cobbs to sign an agreement, amending the December 5, 2019 letter.* See id.

Response to Allegation 53: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them, except admits

that Ms. Reichel and Mr. Mills asked Defendant to sign an "updated letter" amending the December 5, 2019 letter. Defendant respectfully refers the Court to Exhibit 7 for its contents and denies any allegations inconsistent therewith.

*<u>Allegation 54</u>: Dr. Cobbs responded on November 18, 2024 saying that she was "thrilled" for them, and she "would love to help make this possible."* Id. *at 1. Dr. Cobbs stated that she "would appreciate some sort of formal acknowledgement but also do[es]n't want to cost [them] any money."* Id. *She also stated "not to worry about Harvard or the copyright" and that "[w]hat matters to [her] is the audience learning of [her] book."* Id.

<u>Response to Allegation 54</u>: Defendant admits that she made the quoted statements in Exhibit 7. Defendant respectfully refers the Court to Exhibit 7 for its contents and denies any allegations inconsistent therewith.

*<u>Allegation 55</u>: On January 10, 2025, Ms. Reichel and Mr. Mills reached out to Dr. Cobbs to celebrate the Hello Girls Receiving Congressional Gold Medal of Honor and to provide the draft agreement. Exhibit 8.*

<u>Response to Allegation 55</u>: Defendant admits that on January 10, 2025, Plaintiffs contacted Defendant and provided a proposed new agreement, and respectfully refers the Court to Exhibit 8 for its contents and denies any allegations inconsistent therewith.

*<u>Allegation 56</u>: The draft agreement offered consideration of $1.00 in return for the following agreement:*

> *1. You have no ownership or interest in the copyright and/or other intellectual property or interest of any other kind in or to the Musical and undertake not to assert or otherwise bring any claim with respect to the ownership of any element of the Musical; and*
> *2. You agree for the avoidance of doubt that we will not be obliged to include the credit for your original book, also titled THE HELLO GIRLS, that is referenced in the Original Letter, when productions of the Musical are presented by third parties under licence from us.*

Id. *Ms. Reichel and Mr. Mills also offered: "We continue to have a deep appreciation for your work in bringing the history of the Hello Girls to light. When possible, we will include a thank you in the program/playbill."* Id.

Response to Allegation 56: Defendant respectfully refers the Court to Exhibit 8 for its contents and denies any allegations inconsistent therewith. Defendant also explicitly denies that she has no ownership or interest in the copyright of the Musical inasmuch as the Musical is a derivative of her book.

*Allegation 57: On February 20, 2025, Dr. Cobbs emailed Ms. Reichel and Mr. Mills stating that since she saw the production in 2018, she thought that "many of [the] scenes, characters, and themes followed the facts established in [her] book quite precisely." Exhibit 9 at 3. Dr. Cobbs took care to point out the research and facts she included in her book that she alleges are also present in* The Hello Girls *Musical.* See id. *at 3-4. Dr. Cobbs then left this discussion with a veiled threat: "I hope we can arrive at a customary underlying rights arrangement so that I can avoid challenging your production plans. I am a supporter, and wish to remain so."* Id. *at 4.*

Response to Allegation 57: Defendant denies the allegations in paragraph 57, except admits that she made the quoted statements in Exhibit 9 and respectfully refers the Court to Exhibit 9 for its contents.

*Allegation 58: In this email, Dr. Cobbs included some examples of "facts established in [her] book."* Id. *at 3. An example of these "facts" are listed below along with a comparison to the text of Dr. Cobbs' book and* The Hello Girls *Musical script:*

| ***Cobbs' Contention*** | ***Quote from Cobbs' Book*** | ***Quote from Script*** |
|---|---|---|
| *Grace Banker reveals, "I was a double major--French and History." (pp. 11/114/329: info obtained from Barnard College Archives, NYC)* | *Banker had double- majored in history and French, which may be why she kept a diary— against regulations—to document an adventure that set a precedent for all American women. p. 114* | *GRACE: That was a terrible idea. SUZANNE: But this isn't. Tu dois avoir la foi, mon amie... GRACE: I must have the goose liver? SUZANNE: Not foie gras... la foi! Didn't you major in French?* |

| | | |
|---|---|---|
| | | *GRACE: Actually, I was a double major — French and History p. 10-11* |
| *The character of Wessen, "a reservist." (pp. 12/76/322: info from correspondence files of Merle Egan in private possession of Mark Hough, Seattle, later accessioned by the National World War One Museum in Kansas City)* | *Wessen was an idiosyncratic collector of rare books, who made his first literary acquisition with the $2 his father gave him for new shoes. Unschooled in government protocol, the imaginative reservist found out within the week that he had offended superiors up and down the chain of command. p. 76* | *RISER: Have you ever been under fire, Wessen? WESSEN: Well, I'm a reservist, so I haven't had the occasion to— p. 12* |
| *Discussion of "civilian contractors," 26 million phone calls, and 33 women who survived to receive recognition: (pp. 121-123/160, 301: Chief Signal Officer Report, National Archives, DC branch; Hough correspondence 1977, Seattle; US Army Records at NARA in College Park, File Group 111; and, U.S. Senate Hearings, 1977)* | *By November 11, the Signal Corps was averaging 4,000 toll and 150,000 local calls every day. By war's end, they had connected more than 26 million calls. p. 160* | *SUZANNE: After the war was over – after they came home and were told that they weren't veterans – a group of the women decided to keep fighting. BERTHA: They began a legal battle with the US Government that lasted for 60 years, persisting, working to have their role in the war acknowledged equally with the men's. HELEN: The Hello Girls connected some 26 million calls during their service. SUZANNE: Finally, in 1977, the Hello Girls were granted veterans' status by the US Congress. HELEN: Of the 223 women who served overseas, only 33 survived to receive their honorable discharge papers. p. 122-123* |

Response to Allegation 58: Defendant denies the allegations in paragraph 58, and respectfully refers the Court to Exhibit 9, *The Hello Girls* Book, and the script of the Musical for their contents, and denies any allegations inconsistent therewith, except she admits that she communicated examples of overlap between the book and the Musical.

*Allegation 59: On March 4, 2025, Ms. Reichel and Mr. Mills responded, stating they were surprised to receive this tenor of email since Dr. Cobbs first saw the musical in 2018 and is only raising the concerns more than* six years later. See *Exhibit 9 at 1. They pointed out to Dr. Cobbs that she points to facts in her book that are not copyrightable.* Id. *Ultimately, "[b]ased on the above reasons, [Ms. Reichel and Mr. Mills] do not agree that [they] need to license any rights from your non-fiction book, The Hello Girls, for [their] musical,* The Hello Girls.*"* Id. *at 2.*

*However, they "have always been committed to uplifting [Dr. Cobbs'] book and the extraordinary work [she] [has] done to share the history of the women of the Army Signal Corps."* Id. *They pointed to the Letter of Agreement signed in 2019 to give credit to Dr. Cobbs for the inspiration her book provided.* See id. *They stated that their "intent to honor [Dr. Cobbs'] work hasn't changed, and [they] hope to have many more opportunities to do so, and to share this important history which [they] all care about deeply."* Id.

Response to Allegation 59: Defendant denies the allegations in paragraph 59, except admits that on March 4, 2025, Plaintiffs sent Defendant a response containing the quoted language. Defendant respectfully refers the Court to Exhibit 9 for its contents and denies any allegations inconsistent therewith.

*Allegation 60: In response, on March 6, 2025, Dr. Cobbs stated: "Why are we talking about this seven years later? You are now proposing a for-profit, commercial production, and I have been advised that I do have intellectual property rights." Exhibit 10 at 1. She left the communication with: "If you choose to proceed without me, I will be pursuing my rights and, out of necessity, be in touch with all venues that announce intentions to produce your play."* Id.

Response to Allegation 60: Admitted, and Defendant respectfully refers the Court to Exhibit 10 for its contents.

*Allegation 61: The conversations continued through additional letters and discussions between attorneys. Ultimately, Dr. Cobbs maintained that she should be owed royalties. Ms. Reichel and Mr. Mills do not agree and do not think they should have to pay any royalties because their work does not infringe any enforceable copyrighted work.*

Response to Allegation 61: Defendant admits that the parties' communications continued through counsel, that Defendant maintained that she is entitled to compensation, and that Plaintiffs disagree. Defendant denies the remaining allegations of paragraph 61.

*Allegation 62: In a letter dated April 15, 2025, Dr. Cobbs' counsel stated Dr. Cobbs' demand that "(i) in all programs and publicity where you are credited, providing Ms. Cobbs with the credit 'Based on the book THE HELLO GIRLS by Elizabeth Cobbs'; (ii) selling copies of the Book at all performances of the Musical where related merchandise is offered for sale; and (iii) paying Ms. Cobbs a percentage of gross revenues from exploitations of the Musical and derivatives thereof." Exhibit 11 at 2-3.*

Response to Allegation 62: Defendant admits that her counsel sent a letter to Plaintiffs' counsel dated April 15, 2025. Defendant respectfully refers the Court to Exhibit 11 for its contents and denies the allegations inconsistent therewith.

*Allegation 63: Ms. Reichel and Mr. Mills responded through their counsel on May 13, 2025 that they do not agree that Dr. Cobbs is due any revenue from* The Hello Girls *Musical, but were otherwise willing to discuss opportunities outlined in Dr. Cobbs' letter.* See *Exhibit 12 at 1-2.*

Response to Allegation 63: Defendant admits that Plaintiffs' counsel sent Defendant's counsel a letter on May 13, 2025, and Defendant respectfully refers the Court to Exhibit 12 for its contents. Defendant denies Plaintiffs' characterization of that letter to the extent inconsistent therewith.

*Allegation 64: Dr. Cobbs responded on May 27, 2025. She repeated her earlier demand from the April 15, 2025 letter and claimed that any further exploitation of the Musical will be seen as "willful infringement" of Dr. Cobbs' copyright interest and if they proceed to do so, Dr. Cobbs*

*threatened that she will "enforce her rights, notify relevant third-parties of her claims (e.g., those potentially liable for contributory and/or vicarious copyright infringement), and pursue available remedies." Exhibit 13 at 2-3.*

Response to Allegation 64: Defendant admits that her counsel sent Plaintiffs' counsel a letter dated May 27, 2025, and respectfully refers the Court to Exhibit 13 for its contents. Defendant denies Plaintiffs' characterization of that letter to the extent inconsistent therewith.

*Allegation 65: Ms. Reichel and Mr. Mills relied on historical information for* The Hello Girls *Musical. As a work of primarily historical context, it consists of historical facts and interpretations of historical events. These historical facts and interpretations are not copyrightable.*

Response to Allegation 65: Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, except admits that facts are not subject to copyright protection and admits that the Musical copies protectable elements of Defendant's book.

*Allegation 66: Ms. Reichel and Mr. Mills did not take any more than a de minimis amount of any potentially copyrightable material from* The Hello Girls *Book that is incorporated into* The Hello Girls *Musical. Ms. Reichel and Mr. Mills had the right to avail themselves of historical facts in the resources they reviewed as part of their research and use in their script, lyrics, and performance.*

Response to Allegation 66: The first sentence is denied. The second sentence is a legal conclusion to which no response is required, but to the extent a response is required Defendant admits that facts are not subject to copyright protection, admits that Plaintiffs had access to and

reviewed Defendant's book in connection with the Musical, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

<u>Allegation 67</u>: *Ms. Reichel and Mr. Mills are still hoping to continue having a productive relationship with Dr. Cobbs. They have spent years corresponding with her, sharing knowledge, and helping promote her book—and most importantly—the history of the Hello Girls. They do not want to lose the opportunity to continue spreading the message of these women.*

<u>Response to Allegation 67</u>: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, except admits that the parties have had various communications over the years.

<u>Allegation 68</u>: *There exists a justiciable controversy regarding Plaintiffs' right to perform their artistic work and bring this important story to the broader public through Broadway, free of any threatened or existing allegation by Defendant that such conduct constitutes an infringement of any copyright owned by Defendant.*

<u>Response to Allegation 68</u>: Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that there is a justiciable controversy, denies that Plaintiffs' contentions have merit and denies that Plaintiffs are entitled to the relief they seek.

<u>Allegation 69</u>: *Dr. Cobbs' demands in her April 15, 2025 and May 27, 2025 letters regarding Plaintiffs' lawful use of the Hello Girls' factual story, over which Dr. Cobbs has no copyright interest, amounts to an improper attempt to extend any purported limited control Dr. Cobbs may have in the original expression contained in her* The Hello Girls *Book to a broad monopoly over the Hello Girls' factual story. This is contrary to the law and public policy.*

Response to Allegation 69: Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 69 and respectfully refers the Court to Exhibits 11 and 13 for their contents.

**FIRST CAUSE OF ACTION**

*Allegation 70: Plaintiffs re-allege and incorporate each and every foregoing paragraph as though fully set forth herein.*

Response to Allegation 70: Defendant repeats and realleges her responses to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

*Allegation 71: Plaintiffs Reichel and Mr. Mills'* The Hello Girls *Musical does not infringe any valid and enforceable copyright in Dr. Cobbs'* The Hello Girls *Book.*

Response to Allegation 71: Denied.

*Allegation 72: Any similarities between* The Hello Girls *Musical and* The Hello Girls *Book could not constitute copyright infringement, as the elements purportedly copied are either not copyrightable or are protected by, at the very least, the doctrines of merger, scenes à faire, fair use, or others.*

Response to Allegation 72: Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations except admits that facts are not subject to copyright protection.

*Allegation 73: An actual justiciable controversy of sufficient immediacy exists as to whether* The Hello Girls *Musical infringes any copyright owned by the Defendant.*

Response to Allegation 73: Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, except admits that there is an

actual justiciable controversy and avers that *The Hello Girls* Musical infringes Defendant's copyright.

*Allegation 74: Plaintiffs are entitled to declaratory judgment that their* The Hello Girls *Musical is not infringing, has not infringed, and is not liable for infringing any valid copyright owned by Defendant relating to* The Hello Girls *Book.*

Response to Allegation 74: Denied.

**GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIEF**

Defendant denies each and every allegation of the Complaint not specifically admitted above, including any allegations contained in headings, subheadings, footnotes, figures, tables, or unnumbered paragraphs.

The "WHEREFORE" clause of the Complaint, including subparagraphs (a) through (e), sets forth Plaintiffs' prayer for relief and requires no response. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any of the relief requested, or to any relief whatsoever.

Plaintiffs' demand for a jury trial requires no response. To the extent a response is required, Defendant denies that Plaintiffs are entitled to a jury trial on any issue not triable of right by a jury. Defendant's demand for a jury trial is set forth below.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. The Court lacks personal jurisdiction over Defendant. Defendant preserves this defense notwithstanding the Court's Opinion and Order dated September 23, 2026 (ECF No. 33).

3. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including 17 U.S.C. § 507(b).

4. Any license Plaintiffs hold regarding *The Hello Girls* Musical is a non-exclusive license limited in scope to small, non-profit productions. Such license is also conditioned upon Dr. Cobbs receiving the "With Inspiration from…" credit in the parties' Letter of Agreement. Any exploitation of the Musical beyond that scope, or without such credit, is unlicensed and therefore infringing, as further set forth in Defendant's Counterclaim.

5. Plaintiffs' claims are barred, in whole or in part, by the allegations and claims asserted in Defendant's Counterclaim, *infra*.

6. Plaintiffs' claims are barred by the doctrine of waiver.

7. Plaintiffs' claims are barred by the doctrine of estoppel.

8. Plaintiffs' claims are barred by the doctrine of unclean hands.

## COUNTERCLAIM

### PRELIMINARY STATEMENT

1. Dr. Cobbs is the author of the history book entitled *The Hello Girls: America's First Women Soldiers* (Harvard University Press 2017) (the "Book"), which tells the true story of America's first female soldiers—women, known as "Hello Girls," who served as telephone operators in the U.S. Army Signal Corps during World War I.

2. Dr. Cobbs does not claim to own the history of the Hello Girls, or of any related facts. But the Book is not a mere list or timeline of facts. Out of the hundreds of women who served, the thousands of pages of archival material (much of it previously unpublished and located by Dr. Cobbs herself), and the countless possible ways to tell the story of the Hello Girls, Dr. Cobbs chose which historical figures, which facts, and which episodes would carry the narrative of her Book, the sequence in which those materials would be told in the Book, and the arc and themes that would tie them together. The expression of those original creative choices in her Book is protected by copyright law.

3. Plaintiffs' musical, *The Hello Girls* (the "Musical"), copies Dr. Cobbs' protectable expression. By focusing on the same small group of women that Dr. Cobbs featured in the Book (selected among the more than 200 Hello Girls who served overseas), the Musical serves as a dramatization of the Book—in copyright parlance, the Musical is a derivative work derived from the Book. Plaintiffs have acknowledged as much: they called the Book a "key source," and in a written Letter of Agreement they promised to credit every production, "With Inspiration from THE HELLO GIRLS by Elizabeth Cobbs, © 2017. All Rights Reserved."

4. Prior to this litigation, Dr. Cobbs permitted the Musical to go forward on the terms Plaintiffs had proposed: as a small, non-profit production. Dr. Cobbs asked for (and frequently

received) credit as a condition for such license. But she expressly reserved her right to compensation if the Musical moved into other iterations.

5. Now that Plaintiffs have partnered with commercial producers to mount for-profit productions of the Musical with an eye toward Broadway, they refuse to license the rights they need and instead ask this Court to declare that they never needed them. Within weeks of filing this action, Plaintiffs presented a commercial version of the Musical at Syracuse Stage. That production, and every other exploitation of the Musical beyond the scope and/or credit-condition of the limited license Dr. Cobbs granted (for small, non-profit productions), infringes Dr. Cobbs' copyright.

## THE PARTIES

6. Dr. Cobbs is an individual residing in San Diego County, California, and she is the author of the Book.

7. Upon information and belief, Plaintiff and Counterclaim-Defendant Cara Reichel is an individual residing in New York, New York, and co-authored the libretto of the Musical.

8. Upon information and belief, Plaintiff and Counterclaim-Defendant Peter Mills is an individual residing in New York, New York, and wrote the music and lyrics of the Musical and co-authored its libretto.

## JURISDICTION AND VENUE

9. This Counterclaim arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* This Court has subject-matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Plaintiffs because, upon information and belief, they reside in New York, and because they have invoked the jurisdiction of this Court by commencing this action.

11. Dr. Cobbs objects to personal jurisdiction in this Court, but to the extent this action proceeds in this District, venue over this Counterclaim is proper under 28 U.S.C. §§ 1391(b) and 1400(a) because Plaintiffs reside and may be found in this District and have commenced this action here.

**FACTUAL ALLEGATIONS**

12. The Hello Girls were the more than 200 American women who served overseas as bilingual telephone operators in the U.S. Army Signal Corps during World War I. For decades their service to this country was largely forgotten.

13. Dr. Cobbs spent years researching and writing the Book. Her work included locating and examining sources that had never been published or had long been forgotten (e.g., the wartime diaries of operators Grace Banker and Bertha Hunt, the correspondence and memoir of operator Merle Egan, the unpublished recollections of operator Louise LeBreton, and other records held in private hands or scattered across archives).

14. The Book was first published by Harvard University Press in 2017. It was the first comprehensive history of the Hello Girls and, upon information and belief, the Book is widely recognized as the definitive account of their service.

15. The Book helped spur the effort that led Congress to vote a Congressional Gold Medal for the Hello Girls in 2024, and the U.S. Army Signal Corps Association conferred on Dr. Cobbs the honorary rank of Brevet Colonel for her work in recovering their story.

16. The Book is registered with the United States Copyright Office under Registration No. TX 8-426-016, with an effective date of registration of July 5, 2017 (within three months after its first publication).

17. Dr. Cobbs is the author of the Book. Dr. Cobbs does not claim a copyright interest in the individual historical facts recounted in the Book. The Book, however, is not a mere recitation of facts. The Book is a compilation of various facts and other materials, and in writing the Book, Dr. Cobbs made numerous original creative choices, including which historical figures, facts, and episodes to feature and the sequence and organization in which to present them.

18. Dr. Cobbs' selection of characters was an original creative choice. From among the hundreds of women who served, Dr. Cobbs selected a handful of operators to carry the narrative—principally Grace Banker, Bertha Hunt, Louise LeBreton, and Suzanne Prevot—together with the male officers through whom she told the story of the operators' relationship with the Army.

19. Dr. Cobbs' selection of episodes, anecdotes, and quotations was an original creative choice. From thousands of pages of source material, Dr. Cobbs selected the particular incidents, anecdotes, personal details, and quotations that would illustrate each woman's experience and advance the narrative.

20. Dr. Cobbs' selection of the sequence, organization, and narrative arc was an original creative choice. Dr. Cobbs arranged those characters and incidents into a particular sequence and narrative arc, resulting in the Book.

21. Dr. Cobbs' selection of tone and emphasis was an original creative choice. Dr. Cobbs chose to emphasize the friendship, camaraderie, and humor of the operators in the midst of war.

22. Dr. Cobbs' selection, sequence, and organization of the materials in the Book constitute Dr. Cobbs' original copyrightable expression.

23. Dr. Cobbs owns all dramatic rights in the Book. Her dramatic rights include the exclusive rights to prepare, and to authorize others to prepare, dramatic adaptations of the Book and to perform, and to authorize others to perform, such adaptations publicly.

24. The Musical is a derivative work based upon the Book.

25. Plaintiffs obtained and read the Book while writing the Musical.

26. Plaintiffs used the Book as a source while writing the Musical.

27. Ms. Reichel described the Book as a "key source" for the Musical. And, in fact, the Book was a "key source" for the Musical.

28. The Musical includes substantially similar historical characters, episodes and facts that appear in the Book, expressed in a substantially similar sequence and organization.

29. In July 2018, Plaintiffs contacted Dr. Cobbs and represented that they were "a non-profit theatre company" working with "a very tight budget," and invited Dr. Cobbs to attend a performance and participate in a post-show "talkback."

30. Dr. Cobbs originally permitted Plaintiffs to exploit the Musical, as a work derived from the Book, on the terms Plaintiffs had presented to her: small, non-profit productions. Dr. Cobbs requested no payment for that limited permission, asking only that she receive appropriate credit.

31. In November 2019, after Plaintiffs presented a one-hour concert of songs from the Musical at the Kennedy Center without acknowledging the Book, Dr. Cobbs wrote to Plaintiffs that "more respect is due my contribution."

32. Ms. Reichel responded that Plaintiffs had "tried to be conscientious about putting your book out there as a key source" and proposed a formal credit in programs and on the Musical's website. After discussion, the parties agreed upon providing Dr. Cobbs with credit as a condition to Plaintiffs continuing to produce the Musical in manners similar to what had occurred previously (small, non-profit productions).

33. The parties entered into a Letter of Agreement dated December 5, 2019 (the "Letter of Agreement"), in which Plaintiffs agreed to provide Dr. Cobbs with "the following credit in all programs of productions of their musical as well as the website for the musical: 'With Inspiration from THE HELLO GIRLS by Elizabeth Cobbs, © 2017. All Rights Reserved.'"

34. The "With Inspiration…" credit was a condition of the limited scope license granted by Dr. Cobbs.

35. On December 12, 2019, the same day she signed the Letter of Agreement, Dr. Cobbs wrote to Plaintiffs: "I do wish to clarify that if the musical goes into other iterations on film or whatever, I would like to discuss some form of compensation for the rights… . I also recognize my work helped to flesh out the story."

36. On December 16, 2019, Ms. Reichel responded: "Understood."

37. Accordingly, the only license Dr. Cobbs granted to Plaintiffs was non-exclusive, revocable, and expressly limited in scope to small, non-profit productions of the Musical of the type Plaintiffs had represented they were producing, and presented with the agreed credit.

38. Dr. Cobbs never authorized Plaintiffs to exploit the Musical in commercial or for-profit productions or in other iterations, and she expressly reserved her right to compensation for any such exploitation. And since at least the date of the Letter of Agreement, Dr. Cobbs has not

authorized Plaintiffs to exploit the Musical in any context without the required "With Inspiration from…" credit.

39. Plaintiffs have never paid Dr. Cobbs anything.

40. On or about November 16, 2024, Plaintiffs informed Dr. Cobbs that a commercial producer was interested in bringing the Musical to Broadway and that the producer's attorneys required further documentation concerning Dr. Cobbs' rights before the commercial production could proceed.

41. On January 10, 2025, Plaintiffs asked Dr. Cobbs to sign an amendment to the Letter of Agreement under which, in exchange for $1.00, she would disclaim any interest in the Musical and release Plaintiffs from the agreed credit in productions presented by third parties.

42. Dr. Cobbs declined.

43. Dr. Cobbs advised Plaintiffs that for-profit, commercial productions of the Musical would exceed the scope of the license she had granted, and she offered to negotiate a new agreement for such productions.

44. The parties did not reach an agreement, and instead Plaintiffs commenced this declaratory judgment action.

45. On information and belief, less than one month after commencing this action, Plaintiffs caused a commercial version of the Musical to be presented to the public in Syracuse, New York, from September 9 through September 28, 2025 (the "Syracuse Production"). Upon information and belief, the Syracuse Production was co-produced by three commercial production companies, and it was directed by Ms. Reichel.

46. Upon information and belief, the Syracuse Production was a step toward a commercial Broadway run and Plaintiffs intend to further exploit the Musical outside the context of small, non-profit productions.

47. The Syracuse Production exceeded the scope of the limited license that Dr. Cobbs granted. On information and belief, it was not a small, non-profit production.

48. Upon information and belief, Plaintiffs received revenues and other benefits from the Syracuse Production.

49. Upon information and belief, Plaintiffs intend to further exploit the Musical beyond the scope of the limited license, including through additional productions with commercial producers and in for-profit settings.

50. Dr. Cobbs did not authorize the Syracuse Production or any other exploitation of the Musical beyond the scope of the limited license. Nor has she authorized post-Letter of Agreement productions of the Musical without the required "With Inspiration from…" credit.

**COUNTERCLAIM I**

**(Copyright Infringement, 17 U.S.C. §§ 106 and 501)**

51. Dr. Cobbs repeats and realleges each of the foregoing allegations as if fully set forth herein.

52. The Book is an original work of authorship fixed in a tangible medium of expression and is subject to copyright protection.

53. The copyright in the Book is valid, subsisting, and was registered with the United States Copyright Office prior to the commencement of this action.

54. Dr. Cobbs is the owner of the exclusive rights under 17 U.S.C. § 106 to prepare, and to authorize the preparation of, dramatic works based upon the Book, and to reproduce and

publicly perform, and to authorize the reproduction and public performance of, such dramatic works.

55. Plaintiffs had access to the Book, read the Book, and copied from it in creating the Musical.

56. The Musical copies protected expression from the Book, including Dr. Cobbs' original selection, sequence, and organization of the Book's material, and is substantially similar to the Book.

57. The Musical is a derivative work based upon the Book.

58. Any license that Dr. Cobbs granted to Plaintiffs to exploit the Musical was non-exclusive and limited in scope to small, non-profit productions of the type Plaintiffs represented they were originally producing. Additionally, a condition to any license that Dr. Cobbs granted to Plaintiffs was that she is to receive the agreed-upon credit.

59. Exploitation of the Musical outside that scope is not licensed and constitutes copyright infringement.

60. Exploitation of the Musical within the scope of that limited license but without complying with the credit provision in the Letter Agreement constitutes copyright infringement, the credit being a condition (and not a covenant) of any such limited scope license.

61. By preparing, reproducing, and publicly performing the Musical, and authorizing others to do so, in connection with exploitations beyond the scope of the limited license (i.e., for anything other than small, non-profit productions, including without limitation the Syracuse Stage production), Plaintiffs have infringed, and unless enjoined will continue to infringe, Dr. Cobbs' exclusive rights under 17 U.S.C. § 106, in violation of 17 U.S.C. § 501.

62. Plaintiffs' infringement has been knowing, deliberate, and willful, or at a minimum in reckless disregard of Dr. Cobbs' rights.

63. As a direct and proximate result of Plaintiffs' infringement, Dr. Cobbs has suffered and will continue to suffer harm, and she is entitled to damages pursuant to section 504 of the Copyright Act (including without limitation, at her election, statutory damages for willful copyright infringement).

**PRAYER FOR RELIEF**

WHEREFORE, Dr. Cobbs respectfully requests that the Court enter judgment in her favor and against Plaintiffs, jointly and severally, as follows:

(a) Dismissing the Complaint with prejudice and denying all relief requested by Plaintiffs therein;

(b) Declaring that Plaintiffs have infringed Dr. Cobbs' copyright, and that such infringement was willful;

(c) Awarding Dr. Cobbs her actual damages and Plaintiffs' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in amounts to be determined at trial, and ordering Plaintiffs to account for all revenues and profits derived from exploitation of the Musical beyond the scope of the limited license or without the required credit to Dr. Cobbs; or, in the alternative, at Dr. Cobbs' election, awarding Dr. Cobbs statutory damages pursuant to 17 U.S.C. § 504(c), enhanced for willful infringement;

(d) Preliminarily and permanently enjoining Plaintiffs, and all other persons in active concert or participation with them, from reproducing, adapting, publicly

performing, publicly displaying, or authorizing the reproduction, adaptation, or public performance or public display of the Musical;

(e) Awarding Dr. Cobbs her full costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

(f) Awarding Dr. Cobbs pre-judgment and post-judgment interest at the maximum rate permitted by law; and

(g) Granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Dr. Cobbs demands a trial by jury on all issues so triable.

Dated: New York, New York
October 30, 2026

FIRESTONE GREENBERGER PLLC
*Attorneys for Dr. Elizabeth Cobbs*

/s/ Jordan Greenberger
Jordan Greenberger
Callie J. Kramsky
104 West 40th Street, 4th Floor
New York, NY 10018
(212) 597-2255
jg@firegreenlaw.com
ck@firegreenlaw.com