**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARA REICHEL and PETER MILLS,<br><br>Plaintiffs,<br><br>v.<br><br>ELIZABETH COBBS,<br><br>Defendant. | Case No. 1:25-cv-06626-JAV-RFT<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's confidentiality designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek Court resolution in accordance with the applicable individual rules. The designating party shall bear the burden of establishing that the challenged material warrants

protection. Pending agreement or a ruling by the Court, the challenged material shall continue to be treated as Confidential Information. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Confidential Information shall not be disclosed to any person, except:

a. The requesting party;

b. Counsel, including in-house counsel;

c. Employees and independent contractors of such counsel assigned to and necessary to assist in the litigation;

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

f. Outside litigation-support vendors, including e-discovery service providers, court reporters, and videographers retained in connection with this action, to the extent reasonably necessary to perform their services.

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Prior to disclosing or displaying the Confidential Information to any person, except counsel of record and their employees, the Court, and court personnel, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person, other than persons identified in paragraphs 4(b), 4(c), 4(e), and 4(f), to sign an agreement to be bound by this Order in the form attached as Exhibit A. Persons excused from signing remain subject to this Order.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: November 10, 2026

The Clerk of Court is respectfully requested to terminate ECF 41.

Dated: November 18, 2026
New York, NY

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

By: /s/ *Joachim B. Steinberg*
Counsel for Plaintiffs

Glen G. McGorty
Preetha Chakrabarti
Joachim B. Steinberg
JSteinberg@crowell.com
CROWELL & MORING LLP
Two Manhattan West, 375 9th Ave.
New York, NY 10001
(212) 223-4000
CROWELL & MORING LLP

Elissa N. Tenenbaum (*pro hac vice*)
CROWELL & MORING LLP
300 N. LaSalle Drive, Suite 2500
Chicago, IL 60654
(312) 321-4200

By: */s/ Jordan Greenberger*
Counsel for Defendant

Jordan Greenberger
Callie J. Kramsky
FIRESTONE GREENBERGER PLLC
104 West 40th Street, 4th Floor
New York, NY 10018
(212) 597-2255

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARA REICHEL and PETER MILLS,<br><br>Plaintiffs,<br><br>v.<br><br>ELIZABETH COBBS,<br><br>Defendant. | Case No. 1:25-cv-06626-JAV-RFT<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing non-disclosure of discovery material designated Confidential. I agree to be bound by the Protective Order, use such material solely for purposes of this litigation, and disclose it only as permitted by the Protective Order. At the conclusion of the litigation, I will return to the party or attorney from whom I received it or, upon permission of the producing party, destroy all Confidential Information and copies thereof within the time required by paragraph 10 of the Protective Order. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________, 20___

______________________________________
Name (printed)

______________________________________
Signature